C. H. GOODWIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

MOLLIE GOODWIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 21337, 21338. Promulgated January 12, 1928.

*Claude Collard, C. P. A.*, and *M. M. Mahany, Esq.*, for the petitioners.

*Granville S. Borden, Esq.*, for the respondent.

OPINION.

MILLIKEN: The only question involved in this case is whether petitioners are entitled to deduct, as losses for the year 1920, certain oil investments which they claim became worthless in that year. Petitioners introduced only two witnesses, petitioner C. H. Goodwin and J. E. Hickman. The memory of C. H. Goodwin was quite faulty and we have been required to rely largely on the testimony of Hickman. The vital question is in what year petitioners' alleged losses were sustained. The burden rests upon petitioners to establish in what year the losses occurred, and where they have not supplied this testimony, the Board is unable to supply it for them. Cf. *Avery* v. *Commissioner of Internal Revenue*, 22 Fed. (2d) 6.

Petitioners' claim for deduction in 1920, of losses incurred in their investment in the royalty interest in the Cooper-Hoffman leases must be denied since the evidence shows that it was known that there was no oil in this tract when the last well was completed. The testimony as to this date is to the effect that the last well was sunk either in 1919 or in 1920; that is, the evidence shows that the loss may have occurred in 1919. This evidence is not sufficient to meet the burden of proof which rests upon petitioner.

The facts found with reference to the Falls royalty clearly show that petitioner suffered a deductible loss in 1920, and the same is true as to the investments in the Keith lease and the Edna Hill Block lease.

We are of the opinion that the facts of this proceeding with reference to the lease on the Thorpe farm and the Barber or Barbee lease, bring it within the rule laid down in *A. H. Fell* v. *Commissioner*, 7 B. T. A. 263, and that petitioners are, therefore, entitled to deduct their losses in this transaction in the year 1920.

Respondent's action in denying a deduction of any loss arising from the M. F. Reed lease is approved, for among other reasons it does not appear what the cost of that lease was to petitioner.

 

When L. M. White sold to innocent purchasers a large part of land leased to petitioners, he breached his contract with them and the lease was worthless. Petitioners were left with only a right of action for damages. The evidence clearly shows that to bring such an action would have been futile. This deduction is allowed.

The only claim made by petitioners with reference to their loss in the Brooks lease investment is that the lease lapsed by reason of failure to pay rent. But whether rent was paid for 1919, does not appear from the evidence; neither does it appear whether the investment was worthless or was ascertained to be worthless in any year. Respondent's action as to this item and as to the Shook royalty is approved.

While it is shown that petitioners and one other owner had determined to forfeit the Lacey lease in 1920, and not to pay rent for the year 1921, it appears that another owner of the lease did pay this rent for the year 1921, and upon request petitioners did contribute their share. Respondent's action in respect to this lease is approved under the authority of *Appeal of A. L. Huey*, 4 B. T. A. 370.

*Judgment will be entered on 15 days' notice, under Rule 50.*